Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**LISA DIANE MANNING**
Manning Law Office
Danville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IRIS NEWT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 32A01-1211-CR-503 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Stephenie LeMay-Luken, Judge
Cause No. 32D05-1112-FD-1163

**July 2, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

In this appeal, Iris Newt challenges the sufficiency of the evidence supporting her theft conviction. We affirm.

FACTS AND PROCEDURAL HISTORY

On December 18, 2011, Kellie Coffman was working as a loss prevention detective at the Meijer store in Camby, Indiana, when she saw Newt leaving the electronics department pushing a shopping cart with her forearms while holding a stack of DVDs in her hands. Newt went to a price checker machine, checked the prices of the DVDs and some clothing, put the DVDs in the cart, and placed the clothing over the DVDs. She then went to the clothing department. While pushing the cart with her forearms, Newt put her hands underneath the clothing and picked at the price tags on the DVDs. She went back to the electronics department, selected some more DVDs, and continued to pick at the price tags. When people walked by, she would stop picking at the DVDs.

Over the course of three and a half hours, Newt went to other departments but returned to the electronics department three more times. During the surveillance, Coffman observed Newt picking off price tags from specific DVDs, replacing them with price tags from cheaper DVDs, price checking the DVDs with the newly-applied cheaper tags, and re-shelving the DVDs she did not want.

Newt then went to a self-checkout lane, purchased three DVDs and other items, and exited the store. She had purchased "The Wizard of Oz" for $5.00, "Spartacus" for

2

$6.99, and "Percy Jackson and the Lightning Thief" for $6.99. The original prices for those DVDs at the time were $16.99, $29.99, and $14.88, respectively.

Coffman stepped in front of Newt as she was leaving the last set of doors, identified herself, and said she needed to talk with her about some store merchandise. At the loss prevention office, Newt admitted she had switched the price tags on the DVDs. Deputy Christopher Evan Love from the Hendricks County Sheriff's Department arrived and advised Newt of her *Miranda* rights. After waiving those rights, Newt admitted to Deputy Love that she had taken price tags off cheaper DVDs, put them on more expensive DVDs, and paid for the more expensive DVDs at the cheaper prices.

The State charged Newt with Class D felony theft. At a jury trial, Deputy Love, Coffman, and another loss prevention detective testified for the State. Newt testified in her own defense. The jury found her guilty as charged. The trial court entered judgment as a Class A misdemeanor and sentenced Newt to four days, all of which was credited as time served. Newt now appeals.

<u>DISCUSSION AND DECISION</u>

Newt contends the evidence is insufficient to sustain her conviction. In reviewing a sufficiency of the evidence claim, we do not reweigh the evidence or assess the credibility of the witnesses. *Treadway v. State*, 924 N.E.2d 621, 639 (Ind. 2010). Rather, we look to the evidence and reasonable inferences drawn therefrom that support the verdict. *Id.* We affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

To convict Newt of theft as charged here, the State had to prove beyond a reasonable doubt that she knowingly exerted unauthorized control over Meijer's DVDs, with intent to deprive Meijer of any part of their value or use. Appellant's App. p. 11; *see* Ind. Code § 35-43-4-2(a) (2009).

Newt argues that the State "failed to present any evidence that [she] was aware that she was purchasing DVDs at a lower value in order to exert unauthorized control over Meijer's property." Appellant's Br. p. 4. We disagree. "Evidence that a person . . . altered, substituted, or transferred a universal product code (UPC) or another product identification code, label, price tag, or price marking on property displayed or offered for sale or hire . . . constitutes prima facie evidence of intent to deprive the owner of the property of a part of its value and that the person exerted unauthorized control over the property." Ind. Code § 35-43-4-4(b)(1) (2001). The evidence most favorable to the verdict shows that Newt surreptitiously removed price tags from cheaper DVDs, placed them on more expensive DVDs, and purchased the more expensive DVDs at the cheaper prices. When confronted, Newt admitted to Coffman and then again to Deputy Love that she had switched the price tags of the DVDs she purchased.

Despite this clear evidence, Newt asks us to believe that a price tag fell off onto her finger and that, because the title of the DVD was not printed on the tag, she did not know she reapplied the tag to the wrong DVD. This is merely a request to reweigh the evidence, which we may not do. A jury heard all the evidence and was entitled to disbelieve Newt's claim of innocence. The evidence is more than sufficient to sustain her conviction.

4

## CONCLUSION

We therefore affirm.

FRIEDLANDER, J., and VAIDIK, J., concur.